BELSOME, J.,
Concurs in the Result with Reasons.
hi respectfully concur in the majority opinion, but write separately to discuss the Brady issue. The suppression by the prosecution of evidence favorable to the accused upon request violates a defendant’s due process rights where the evidence is material to either guilt or punishment, without regard to the good or bad faith of the prosecution. Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-1197, 10 L.Ed.2d 215 (1963).[1] Favorable evidence includes both exculpatory and impeachment evidence. State v. Kemp, 00-2228, p. 4 (La.10/15/02), 828 So.2d 540, 544.
The only witness to identify the defendant as the gunman, Ms. Tariyon Rose, made a prior inconsistent statement, which could have been used to impeach her, and the State failed to disclose it despite the defendant’s pre-trial discovery requests for Brady evidence. In particular, Ms. Rose initially told the police that she did not see the gunman before the shooting; however, she later testified at trial that she saw the defendant with a gun just before the shooting. While the majority highlights that a copy of Ms. Rose’s statement was available at trial and the defendant failed to request it, this does not negate the State’s affirmative duty to ^disclose Brady evidence to the defendant once the defendant made a pre-trial request.[2] See, State v. Marshall, 94-461, p. 12, (La.9/5/95), 660 So.2d 819, 825.
Although the State withheld favorable evidence from the defendant, which may constitute a discovery violation under state law,[3] only material evidence must be disclosed under Brady. Id. (emphasis added). *163 “[E]videnee is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.” Marshall, 94-461, p. 13, 660 So.2d at 825 (citation omitted). A reasonable probability was defined as “a probability sufficient to undermine confidence in the outcome.” Marshall, 94-461, pp. 13-14, 660 So.2d at 825 (citations omitted). Here, there is no reasonable probability that the result of the proceeding would have been different had the statement been properly disclosed to the defense, because Ms. Rose consistently maintained that she observed the gunman as he ran away immediately after the shooting. She also gave the police descriptions of the perpetrator, as well as the gun, and later identified the defendant as the shooter in a photographic lineup, thereby diminishing the significance of her contradictory statements regarding her observations before the shooting. Since the omission was not material to the outcome of the case, I agree with the majority’s conclusion that there was no Brady violation. Additionally, I concur with the majority’s reasoning concerning all other issues in this opinion.

. United. States v. Agurs, 427 U.S. 97, 107, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), held that the duty to disclose favorable evidence is applicable regardless of whether there was a request by defendant.

. Moreover, the State admitted its ongoing duty to disclose evidence favorable to the defendant in its responses to the defendant's request for Brady material.

.Consequently, it seems as though "the term ‘Brady violation' is sometimes used in reference to any breach of the broad obligation to disclose favorable evidence [under discovery rules].” State v. Garrick, 03-137, p. 6 (La.4/14/04), 870 So.2d 990, p. 993 (citation omitted).